T.C. Summary Opinion 2021-38

UNITED STATES TAX COURT

HOWARD E. STEELE AND TRACY M. STEELE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6646-19S.                    Filed November 17, 2021.

Howard E. Steele and Tracy M. Steele, pro sese.

Rubinder K. Bal, for respondent.

SUMMARY OPINION

COLVIN, Judge:  This case was heard pursuant to the provisions of section

7463[1] of the Code in effect when the petition was filed.  Pursuant to section

_____

[1] Petitioners resided in Georgia when they filed their petition.  Section references are to the Internal Revenue Code (Code) in effect at all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioners have Federal income tax deficiencies of $37,093 and $29,669 and are liable for accuracy-related penalties under section 6662 of $7,419 and $5,934 for 2015 and 2016 (years at issue), respectively. After concessions appearing in the record, we decide the following issues.

1. Whether or to what extent petitioners may deduct supply expenses for 2015 and car and truck expenses (vehicle expenses) for 2015 and 2016 for petitioner husband's job as a self-employed private investigator. We hold they may deduct those expenses to the extent stated below.

2. Whether petitioners may deduct expenses for repairs on a rental property for 2015 in amounts greater than respondent determined. We hold that they may not.

3. Whether petitioners have substantiated a greater amount of capital expenses for their rental property than respondent determined. We hold that they have to the extent stated below.

## Background

### A.    Petitioner Husband's Work

Petitioner husband is a self-employed private investigator.  His work for clients includes activities such as surveillance and searching site surveys and court and asset records.

#### 1.    Petitioner Husband's Travel

Petitioner husband drove a Nissan Altima to various locations during the years at issue while performing services for his clients.  Before filing the petition with the Court, petitioner husband created sample mileage logs (at a time he did not recall) showing where he traveled for work during December 2015 and 2016. The sample logs provided city names but did not include addresses or dates other than "December 2015" and "December 2016".

In October 2020, after they filed the petition, petitioners provided respondent a 40-page, complete mileage log, which petitioner husband created by reviewing case files and emails.  The complete logs provide detailed information including dates, location names, addresses of where petitioner husband left and arrived, and distance traveled.  According to the log, he drove many times to and from a post office, client meetings, surveillance locations, courthouses, police stations, and his home.

The complete mileage logs contain accurate, obviously inaccurate, and vague entries. For example, some entries vaguely report "Atlanta Metro Area" or "Atlanta Area" as petitioner husband's destination. Several entries inaccurately state that the distance traveled to and from the same locations varied significantly. For example, one entry states that petitioner husband traveled 13 miles to a destination and then 126 miles back to the starting point. There are also entries stating that he visited courthouses on Sundays when the buildings were closed. Lastly, petitioners included two entries to a location in Florida where petitioners anticipate building a home (and moving petitioner husband's home office).

2.     <u>Petitioner Husband's Home Office</u>

Petitioner husband had an office in petitioners' primary residence where he met with clients. Furnishings in the office include a desk, a computer, a printer, a fan, chairs, files, and shelves. Clients have access to a bathroom adjoining the office that is also used by petitioners and their personal guests. When petitioner husband buys office supplies and personal items at the same time on the same credit cards, he circles the business items on the receipt within 24 hours of the purchase. For example, a Target receipt dated June 21, 2015, shows that petitioners spent $149, but only one item, a $16 "organizer", is circled. In a supply

expense spreadsheet provided by petitioners, only the $16 organizer is listed as an expense from that Target trip.

B.    Petitioners' Rental Property

Petitioners bought a residential property in Dacula, Georgia, for $140,000 (rental property) in 2003. They began to rent out the property in 2008. At a time unspecified in the record, petitioners installed new countertops, carpet, and hardwood and updated the deck and patio in the rental property. Petitioners charged the costs of these items to a credit card, but they provided no credit card statements or bank statements substantiating these purchases. Petitioners sold the rental property on June 18, 2015, for $154,000.

Before trial, petitioners provided a spreadsheet and various receipts regarding the changes they made to the rental property. Some of the receipts, though, show that the items, such as a new washer and dryer, a toilet, a water heater, and a termite inspection, were all delivered to or performed at petitioners' primary residence. Additionally, a receipt for an air conditioning unit shows the repair was made in December 2015, six months after petitioners sold the rental property.

C.    Petitioners' 2015 and 2016 Tax Returns

For 2015 on their Schedule C, Profit or Loss From Business, for petitioner husband's work as a private investigator, petitioners deducted $8,083 for supplies and $9,200 for vehicle expenses.  Also for 2015 petitioners reported on their Schedule E, Supplemental Income and Loss, that they had repair expenses of $18,577 on the rental property and a loss of $765 on the sale of that property.  Petitioners deducted $6,480 for vehicle expenses on their Schedule C for 2016.

## Discussion

We will first discuss the burden of proof and then decide whether (or to what extent) petitioners may deduct:  (1) 2015 supply expenses, (2) 2015 and 2016 vehicle expenses, and (3) 2015 repair expenses.  Lastly, we will decide whether petitioners have substantiated a greater amount of capital expenses for their rental property than respondent determined and the amount of that gain or loss.

A.    Burden of Proof

The Commissioner's determination in a notice of deficiency is generally presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, the burden of proof may shift to the Commissioner if the taxpayer complies with all substantiation requirements in

the Code, introduces credible evidence with respect to factual issues relevant to ascertaining liability, and cooperates with reasonable requests by the Commissioner for information, documents, and meetings. Sec. 7491(a)(1) and (2). Petitioners do not contend that they have satisfied the requirements of section 7491 for shifting the burden of proof. See Rule 142(a)(2). Thus, the burden of proof for all factual issues remains with petitioners.

B.    Petitioners' Substantiation

Petitioners contend that they are entitled to deduct various expenses reported on their tax returns for the years at issue. A taxpayer is required to maintain records sufficient to enable the Commissioner to correctly determine the taxpayer's tax liability. See sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction. Higbee v. Commissioner, 116 T.C. at 440; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Other than the instances mentioned below, petitioner husband's testimony did not add additional substantiation for the amounts petitioners deducted on their 2015 and 2016 tax returns because his testimony did not provide any specific amounts, dates, or details regarding items petitioners purchased.

1.  Whether Petitioners May Deduct Supply Expenses for 2015

Petitioners deducted $8,083 for supplies on their 2015 tax return. Respondent contends that petitioners may deduct only $3,470.  Petitioners appear to have conceded $1,313 of the amount they deducted and now contend that they may deduct $6,770.  We conclude that petitioners may deduct $3,781 for supply expenses for 2015.

Petitioners provided receipts and a corresponding spreadsheet listing the items purchased, the dates of purchase, the vendors, the business purpose, and the costs of the items.  Respondent contends that the receipts and the spreadsheet are insufficient to establish that petitioners incurred expenses for supplies greater than $3,740.  Respondent contends that many of the receipts are illegible, some of the supplies were not used exclusively for petitioner husband's business, and petitioners comingled personal and business items by purchasing them at the same time with the same form of payment (i.e., the same credit card).

We agree with respondent that many of the receipts are illegible. Additionally, some receipts are listed on the spreadsheet twice, are undated, or do not identify either the items purchased or the vendor.  As a result, $2,619 of the supply expenses are not sufficiently substantiated.

Petitioners deducted $370 for a light fixture placed in the bathroom adjoining petitioner husband's home office. Generally, under section 162(a), a taxpayer may deduct ordinary and necessary expenses incurred in carrying on a trade or business. Under section 262, however, items bought for personal, living, or family use generally cannot be deducted. Items bought for a business section of a residence cannot be deducted if that area is not exclusively used for the business (i.e., the area is for both personal and business use). See Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987). Petitioner husband testified that the bathroom was used not only by his clients but also by him when he was not working, his wife, and their personal guests. Thus, petitioners may not deduct the $370 they paid for the light fixture. See id.

Regarding the purchases respondent contends were comingled, we conclude that petitioners provided sufficient information to identify business purchases. At trial petitioner husband testified that he drew a circle on each receipt around the items he used for business within 24 hours of the purchase. His testimony is supported by the spreadsheet and legible receipts that have items circled that are listed on the spreadsheet. For example, during the June 21, 2015, Target trip, petitioners spent $149 but only the $16 organizer is circled on the receipt and,

likewise, is the only item and amount appearing on the spreadsheet from that shopping trip.

Respondent points out that petitioners deducted the costs of shelving, a phone charger, and a fan, and argues that these items could have been bought for personal rather than business use. However, we find credible petitioner husband's testimony that he purchased these items for his business. On the basis of the foregoing, we conclude that petitioners may deduct $3,781 in supply expenses for 2015.[2]

2.      Whether Petitioners May Deduct Vehicle Expenses for 2015 and 2016

Petitioners deducted $9,200 and $6,480 for vehicle expenses, respectively, on their 2015 and 2016 Schedules C. Petitioners contend that these expenses resulted from petitioner husband's travel to various locations to perform investigative services. Respondent contends that petitioners have not sufficiently substantiated petitioner husband's vehicle expenses and the deductions for the vehicle expenses reported on their Schedules C should be denied in full.

Taxpayers are subject to heightened substantiation requirements for vehicle use expenses. See secs. 274(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle

---

[2] Respondent raises an argument that an expense for chairs and a table must be capitalized per sec. 1.263(a)-2(d)(1), Income Tax Regs. We need not address this argument because the apparent receipt for the chairs and table was illegible.

expenses, section 274(d) requires the taxpayer to substantiate the mileage, and the time, place, and business purpose of the use. In lieu of substantiating actual expenditures relating to the business use of a vehicle, a taxpayer may use a standard mileage rate established by the IRS. See sec. 1.274-5(j)(2), Income Tax Regs. A taxpayer who uses the standard mileage rate must still establish the actual business mileage, the time, and the business purpose of each use. Id.

The sample mileage logs provided by petitioners do not provide sufficient information to meet the requirements of section 274(d). The complete logs have some entries which sufficiently substantiate the mileage, time and place, and the business purpose for each trip. However, other entries in the complete logs contain errors such as vague descriptions of where petitioner husband drove and inaccurate distances. In addition the complete logs include mileage for petitioner husband's drives to Florida, which were not solely for a business purpose.

We conclude that petitioners have sufficiently substantiated that petitioner husband drove 7,739 and 3,481 miles for business in 2015 and 2016, respectively. As a result, petitioners may deduct vehicle expenses of $4,450 for 2015 and $1,880 for 2016. See Notice 2014-79, sec. 3, 2014-53 I.R.B. 1001, 1001 ($0.575 per mile for 2015); Notice 2016-1, sec. 3, 2016-2 I.R.B. 265, 265 ($0.54 per mile for 2016).

3.     Whether Petitioners May Deduct Repair Expenses for 2015

Petitioners deducted $18,577 in repair expenses on their rental property for 2015.  Petitioners now contend that they incurred repair expenses totaling $19,007. Respondent contends that petitioners may deduct only $2,806 for repair expenses and must capitalize $13,705 of the reported repair expenses.  Because the record does not show that petitioners spent more than $2,806 in repair expenses in 2015, we agree with respondent that petitioners may deduct only $2,806 for repair expenses and must capitalize $13,705 of the reported expenses.

To decide the amount of deductible expenses, we must decide:  (1) the amount of claimed repair expenses petitioners have substantiated through documentation or testimony and (2) which of those expenses may be deducted as repairs.  We hold that $13,705 of the substantiated, nondeductible expenses are capital expenses (and, thus, are included in basis for purposes of computing gain or loss when petitioners sold the property in 2015).  See sec. 263; see also sec. 1016(a); sec. 1.1016-2(a), Income Tax Regs.

a.     Whether Petitioners' Repair Expenses Were Sufficiently Substantiated

To show the amount they spent on repairs, petitioners provided receipts with a corresponding spreadsheet, which listed the date of purchase, vendor, items purchased, and amount.  Some of the receipts are illegible or undated, and several

of the items on the spreadsheet were listed twice, or no corresponding receipt or testimony was provided. Additionally, included in the receipts was an undated quote for patio work for $2,500. However, nothing in the record, including petitioner husband's testimony, suggests petitioners hired the company or had the quoted work performed; consequently, the undated quote is insufficient to substantiate patio repairs for 2015.

Several of the listed expenses appear to be for items for petitioners' primary residence and not for the rental property. For example, several items were delivered to or performed (not just billed) at petitioners' personal residence, including a new washer and dryer, a toilet, a water heater, and termite inspection. Petitioners also included a receipt for repairs on an air conditioner; however the receipt is dated December 2015, six months after petitioners sold the rental property. Because we cannot confirm these expenses were incurred for the rental property in 2015, petitioners have not sufficiently substantiated them.

b.    Whether the Substantiated Expenses Are Deductible

While petitioners substantiated the remaining expenses listed on the spreadsheet through receipts or testimony, many were not for repairs. Generally, taxpayers may deduct ordinary and necessary expenses incurred for maintenance of property held to conduct a trade or business or for the production of income.

Secs. 162, 212. Repair expenses may be deducted if the repairs are made to restore property to a sound state or mend it, with the purpose of keeping the property in an ordinarily efficient operating condition. Ill. Merchs. Tr. Co. v. Commissioner, 4 B.T.A. 103, 106 (1926). Expenses for replacements, alterations, improvements, or additions that prolong a property's life, increase its value, or make it adaptable to a different use are treated as additions to capital (i.e., capital expenses) and may not be deducted. Sec. 263; Lychuk v. Commissioner, 116 T.C. 374, 385-386 (2001); Niv v. Commissioner, T.C. Memo. 2013-82, at *19.

We conclude from the record that many of the expenses are capital expenses rather than repair expenses. It appears that several expenses including new granite countertops, carpet, ceiling fans, a light fixture, paint supplies, and $5,000 spent on the patio to replace broken plywood, install synthetic roofing felt, new shingles, a vent, and a metal drip, alter and improve the property, and do not merely restore its prior condition. Thus, the above are not deductible as repair expenses. See Lychuk v. Commissioner, 116 T.C. at 385-386; Niv v. Commissioner, at *19. In all, $13,705 of the expenses are not deductible but are capital expenses and includible in petitioners' basis in their rental house.

Petitioners also included in the repairs spreadsheet expenses for insurance, homeowners associate fees, and utilities, which are neither deductible repair

expenses nor capital expenses. The remaining items on the spreadsheet do not exceed $2,806 and, because respondent has conceded that petitioners may deduct this amount, petitioners may not deduct for repairs for 2015 more than the $2,806 respondent conceded.

4.     Whether Petitioners Have Capital Gains on the Rental Property

In their 2015 tax return petitioners reported that their adjusted basis in the rental property at the time of the sale was $154,765 and that they had a loss of $765. Petitioners now contend their adjusted basis was $164,387. Respondent contends that petitioners' adjusted basis was $120,084 and that petitioners had a gain of $24,531.[3] Petitioners claim that they made several improvements to the property before 2015 which increased their basis to an amount in excess of what respondent contended. After a review of the record, including petitioner husband's testimony, we conclude that petitioners substantiated $7,500 of their claimed pre-2015 improvements.

Taxpayers must recognize gain when they sell property for more than its adjusted basis. Sec. 1001(a); sec. 1.61-6(a), Income Tax Regs. Taxpayers may

_____

[3] In the notice of deficiency respondent determined that petitioners had $24,346 in capital gains. Respondent now concedes a $185 depreciation adjustment in the notice. On the basis of that concession, respondent now contends petitioners had $24,531 ($24,346 plus $185) in capital gains from the sale of the rental property.

increase their adjusted basis in property for costs they incur to improve the property, see sec. 1016(a); sec. 1.1016-2(a), Income Tax Regs., but they generally bear the burden of proving basis increases they claim, Rule 142(a). Regarding capital expenses, the Tax Court may make an estimate of the total expenses, see Cohan v. Commissioner, 39 F.2d 540, 544 (2nd Cir. 1930), but "we must have some basis upon which an estimate may be made", see Polyak v. Commissioner, 94 T.C. 337, 345-346 (1990).

At trial petitioner husband testified that the costs for hardwood floors and the air conditioner were approximately $2,500 and $5,000, respectively. On the basis of this record petitioners may capitalize an additional $7,500 in capital expenses on the rental property.

Petitioner husband also testified about other tasks performed on the rental property before 2015, but he provided neither a price estimate for those items nor documentation. Thus, there is no basis upon which we can make an estimate, and petitioners cannot deduct further capital expenses on the rental property. Overall, the parties shall increase the adjusted basis calculations by $7,500 to account for the hardwood floor installation and the air conditioner and $13,705 for the 2015 expenses respondent conceded.

To reflect the foregoing,

Decision will be entered under

Rule 155.
